UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:22-CR-00143-03** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JASMIN DWAYNE COLEMAN (03)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### ORDER

Before the Court is a MOTION TO REDUCE SENTENCE (the "Motion") filed by *pro se* Defendant, Jasmin Coleman ("Defendant"). [Doc. 101]. The Motion is opposed by the government. [Doc. 103].

### BACKGROUND

On June 15, 2022, the Defendant was charged in a one-count Indictment charging conspiracy to distribute and possess with the intent to distribute fentanyl analogue, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On May 10, 2023, Coleman pled guilty to the Indictment with a reduced statutory sentencing exposure pursuant to 21 U.S.C. § 841(b)(1)(C). [Docs. 47, 49]. The Court varied below his guideline range of 188 months to 235 months and sentenced him on August 24, 2023, to 168 months imprisonment. [Doc. 64]. He now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

### LAW AND ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a sentence only "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As explained by the Fifth Circuit, "prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Escajeda,* 58 F.4th 184, 186 (5th Cir. 2023).

Here, the Defendant argues that certain marijuana-related convictions included in his pre-sentence report were improperly counted for purposes of determining his criminal history category and career offender status due to non-retroactive changes in the law that have occurred since his sentencing. But the Fifth Circuit has recently decided that non-retroactive changes in the law do not constitute "extraordinary and compelling" reasons for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Austin,* 125 F.4th 688, 692 (5th Cir. 2025). Nor does the Defendant's Motion or the record otherwise support a reduction in his sentence pursuant to § 3582(c)(1)(A) or upon consideration of the sentencing factors listed in 18 USC § 3553(a).

## CONCLUSION

Accordingly,

Based on the foregoing reasons, Defendant's MOTION TO REDUCE SENTENCE [Doc. 101] is DENIED.

THUS, DONE AND SIGNED in Chambers this 20th day of November 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE